495 P.2d 1355

**STATE of Arizona, Appellee,**

v.

**Alan J. SHAHAN, Appellant.**

**No. 1 CA–CR 431.**

Court of Appeals of Arizona, Division 1, Department A.

April 25, 1972.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Kenneth Skiff, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal by defendant Alan J. Shahan from a judgment and sentence after his plea of guilty to the crime of aggravated assault. His sentence was for a term of not less than three years nor more than five years in the Arizona State Prison.

The sole issue presented in this appeal is whether the application for change of judge and affidavit of bias and prejudice filed by defendant was timely and thereby deprived the court of jurisdiction to proceed with the judgment and sentence.

We state briefly the pertinent facts and posture of the case at the time of the application. On February 11, 1971, a criminal complaint was filed against defendant and another person, charging them with two counts of robbery and two counts of assault with a deadly weapon. After a preliminary hearing both defendants were held to answer, and an information was filed charging both of them with all four counts. The facts as developed at a rather lengthy preliminary hearing showed that appellant-defendant and the co-defendant entered a "Dunkin Donuts" shop in north Phoenix. Defendant ordered coffee and his companion proceeded to rob the shop, taking approximately $500. The companion had a gun and prior to leaving shot and wounded the baker on duty at the shop. Defendant was not armed, and attempted to calm down the waitress. Both men left together. Defendant entered into a plea bargain.[1] An amended information was filed on July 9, 1971, charging defendant with aggravated assault. Defendant entered a plea of guilty and, after questioning, the trial court accepted the plea. At that time the judge set the time for judgment and sentence on the morning of July 23, 1971.

On the morning of July 23, and prior to defendant's case being called, defendant, pursuant to Rules 196 and 197, Rules of Criminal Procedure, 17 A.R.S., filed with said judge a verified application for change of judge on account of bias and prejudice, and a certificate of good faith by his attorney as required by Rule 197, supra. When the case was called, the court denied the application as untimely and proceeded with the judgment and sentence.

The precise issue, namely, whether defendant had the right to file an affidavit of bias and prejudice against the court after his plea of guilty had been accepted and

before the court proceeded to consider judgment, was decided by our Supreme Court in State v. Tatkenhorst, 103 Ariz. 156, 437 P. 2d 948 (1968).

In Tatkenhorst, as here, the prosecution sought to apply the rule that an application is untimely if not made at least three days before trial as provided by Rule 199, Rules of Criminal Procedure, 17 A.R.S. Rule 199 reads as follows:

"The application for change of judge shall be made at least three days before the date the action is called for trial, unless the disqualifications were not known before the three day period, in which event such fact shall be set forth in the affidavit of disqualification."

The Supreme Court in Tatkenhorst held that by its language the application of the rule was limited to cases where there was to be a trial on the facts; that since a plea of guilty had been entered there was to be no trial on the facts and therefore the rule was not applicable. The Supreme Court said:

"We therefore hold that a defendant has the right to file an affidavit of bias and prejudice against a court after a plea of guilty in a case, and that it is timely when filed before judgment and before hearing on mitigation of sentence."

In the instant case, as in Tatkenhorst, the affidavit of bias and prejudice was a peremptory challenge to the trial judge. A litigant has a peremptory right of disqualification of a judge and if filed timely the court is in error to deny the transfer to another judge. State v. Neil, 102 Ariz. 110, 425 P.2d 842 (1967).

After reading the comments of the trial judge we are inclined to agree with him that there is good reason to apply the three-day rule to a situation such as the instant case,

---

1. The County Attorney of Maricopa County had adopted a method of plea bargaining along the lines used in Detroit, Michigan. After the arraignment and plea of not guilty, a notice is given by the County Attorney to counsel for defense that the case has been assigned for pretrial conference on a day certain in a room in the County Attorney's office. At this time the matter is discussed by the attorneys and others interested, such as the investigating officer. The notice also advises counsel that if he wishes the defendant present he may notify him.

especially because the defendant and his lawyer knew beforehand the judge before whom they were going to ask for permission to withdraw the plea of not guilty theretofore entered, and enter a plea of guilty. At that time they knew who would be passing the judgment and sentence. Under United States Supreme Court cases the acceptance of a guilty plea now requires the judge to go into certain matters and acquaint himself with certain facts. For example, since Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the court accepting the plea must be satisfied that it was intelligently and voluntarily made. The depth he goes into these matters usually depends upon the individual and the nature of the case. As the judge delves into these facts he becomes more involved in the situation and begins forming a picture of the case. After he permits the withdrawal of a not guilty plea and accepts a plea of guilty, he usually has an investigation made by the probation department. Usually before passing judgment and sentence he gains certain information and possibly a recommendation from a pre-sentence report. In fact, he may have at that point discussed the matter with a probation officer. The procedure in the acceptance of pleas and in the sentencing of defendants has changed considerably since our present Rules of Criminal Procedure were adopted. To wait until the very morning of the time set for judgment to file an application for change of judge under Rule 196 would cause as much inconvenience or disruption of the court's business as having to postpone a trial. It may be that the Rules of Criminal Procedure could stand some revamping in this area.

██ Although the trial judge may have had good reason to call the application untimely, we must hold him in error in view of the law enunciated in Tatkenhorst. It is not our prerogative to disregard decisions of the Supreme Court. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

No issue is made of the taking and entering of the plea of guilty by the defendant to the crime of aggravated assault. We have reviewed the proceedings and our search of the record fails to reveal any irregularity or error. The plea of guilty must therefore stand.

It is ordered that the judgment and sentence of the trial court be vacated, and the case is remanded to the Superior Court of Maricopa County for further proceedings not inconsistent with this opinion.

STEVENS, P. J., and CASE, J., concur.