520 P.2d 291

The **STATE** of Arizona, Appellee,

v.

**Mary Delanie MUNOZ, Appellant.**

**No. 2855.**

Supreme Court of Arizona,
In Banc.
March 21, 1974.

**420**

Gary K. Nelson, Atty. Gen. by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

B. L. Helm, Yuma, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilt after a guilty plea to the crime of possession of heroin, § 36–1002 A.R.S., and a sentence thereon of not less than four nor more than eight years in the Arizona State Prison.

We are asked to answer only one question on appeal and that is: "Was it error and an abuse of discretion for the trial judge to fail to disqualify himself from the sentencing of the defendant?"

The facts necessary for a determination of this matter on appeal are as follows. Defendant was arrested on the 1st day of September 1973 for possession of heroin. On 6 September 1973 the grand jury returned an indictment and the defendant was arraigned in the Superior Court on 12 September 1973. An omnibus hearing was held on 22 October 1973, and on 26 October 1973, the defendant changed her plea from not guilty to guilty. On 16 November 1973, the defendant was sentenced to four to eight years in the Arizona State Prison. At the sentencing the trial judge made the following remarks:

"Well, Mrs. Munoz and Mr. Helm, you both certainly are aware of the fact that the Court cannot close its eyes to the knowledge that it has of this young lady starting back before she became an adult when she was still a juvenile. I think she was starting to be involved in some way or other with marijuana or drugs or narcotics of some kind then and she's had every opportunity in the world not to become involved. Her parents have offered her every opportunity through all these years of trying to help her or have been willing to help her. Mr. Delanie has certainly made his position as far as narcotics and drugs is concerned clear through his activities with various groups or organizations so she's had the opportunity to know how her parents felt about it.

"She'd had the personal experience in her own family of what can become involved with drugs or narcotics. She's been before this Court and I can't certainly close my eyes to that fact. Not too many months ago they picked her up on what turned out to be an invalid warrant but with possession of quite a large number of narcotics or drugs at that time and it's an unfortunate thing, perhaps, but there was a technicality which she was entitled to and did take advantage of upon the issuance and serving of the warrant that caused the goods themselves to be suppressed and thereby result in her being completely free from the charges. She was before the Court on another trial on which there was a great amount of evidence but the jury gave her the benefit of whatever doubt her attorney was able to raise in that case and turned her loose. She had the experience of being placed on probation by the Federal Court and didn't choose to take that opportunity or that experience to say, well, I can see now where I'm leading and I better get straightened out and go along the way.

"She's progressed along just as she pleases and through the number of cases that have come before the Court it's amazing in how many of those her name has been brought in one way or the other as being involved directly or indirectly for sitting just on the outskirts or having just left or having not quite arrived at the time that the arrest might have been made. But, I can go down a

list of people of every one of them that are all her companions and associates and they are all involved in narcotics in the drug trade one way or the other. She's seen that as a way of life and has chosen it. I don't know why she wants it. She's an intelligent person and can make up her own mind and she has down (sic) so. In her case as in every case that comes before the Court with these young people, they are abusing themselves with this drug business. We can't get the word across to them until such time as they finally see themselves that life is going to be a short pattern somewhere along the line. I can't do it sitting here on the bench or her father, can't do it by the good advice that he can give her. The only thing that can finally be left is the hope that some kind of incarceration is going to make her decide that she doesn't want that as a future way of life and she'll come out of it with a feeling that she's willing to actually change. She's shown no responsibility towards her child. Her life itself with these various people and men that she's lived with and married, her present husband now that she's getting divorced from, and I think is still sitting up in Florence all shows absolutely nothing really mitigating so I can't feel that she's a proper subject or deserving of probation.

"So, the sentence in this case may be that she be confined to the State Penitentiary at Florence, Arizona, or wherever it may hereafter be located for a minimum period of four years and a maximum period of eight years. * * *"

Defendant timely filed her appeal on 3 December 1973, and after filing of the record and the memorandum the matter was submitted for decision without oral argument on 1 March 1974.

■ The New Rules of Criminal Procedure under which this case was processed, give the defendant an opportunity for a change of judge "if a fair and impartial hearing or trial cannot be had by reason of the interest or prejudice of the assigned judge." Rule 10.1(a), Rules of Criminal Procedure 1973, 17 A.R.S. The defendant did not make a request for a change of judge. The defendant may not test the water before deciding whether or not to request a change of judge. In the instant case, the desire of the defendant to go back and have another judge resentence after the sentence has been imposed comes too late. State v. Carpenter, 1 Ariz.App. 522, 405 P.2d 460 (1965); State v. Shahan, 17 Ariz.App. 148, 495 P.2d 1355 (1972).

■ It is the contention of the attorney for the defendant, however, that the trial court abused its discretion in failing to disqualify himself by reason of his interest and prejudice. As the quoted portion of the record indicates, the defendant was no stranger to the trial judge and over the years she had been before him as a juvenile and her name had been prominent in other drug related activities in the Yuma area.

The statements of the trial judge in sentencing the defendant indicated knowledge of facts that a complete presentence report would have contained. Defendant does not contend that the information was erroneous, and we find no prejudice in the fact that the sentencing judge was already in possession of accurate information concerning the defendant prior to receiving the same information which a presentence report would certainly contain. The record in the case does not show any reason why the sentencing judge should have disqualified himself.

We have reviewed the record as required by § 13–1715 A.R.S.; State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964). We find no reversible error.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.