562 P.2d 365

**Bill Eugene FARR, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, A. Melvin McDonald, Judge thereof, the STATE of Arizona, real party in interest, Respondents.**

No. 13051.

Supreme Court of Arizona, In Banc.

March 15, 1977.

Erlichman, Fagerberg & Margrave by Carla G. Ryan, Phoenix, for petitioner.

Charles F. Hyder, Maricopa County Atty. by William B. DeMars, Jr., Deputy County Atty., Phoenix, for real party in interest.

CAMERON, Chief Justice.

This is a petition for special action from the denial of a motion for change of judge pursuant to Rule 10.2, Arizona Rules of Criminal Procedure (1973), 17 A.R.S.

The facts are not in dispute. On 15 November 1976, defendant and two others were charged by information with rape in the first degree, A.R.S. §§ 13–611, 614, 138, 139, 140, in Cause Number CR–95164. In that action, the State filed a motion for change of judge pursuant to Rule 10.2, Arizona Rules of Criminal Procedure (1973), and each of the three defendants, in rotation, did likewise until the matter was assigned to the respondent judge on 13 January 1977.

On 14 January 1977, the County Attorney filed another information charging the petitioner with kidnapping. A.R.S. §§ 13–492, 138, 139, 140, in Cause Number CR–96047. Petitioner was arraigned on the kidnapping charge on 20 January 1977 and the matter was assigned to the respondent judge. On the same day, the petitioner filed a motion for change of judge pursuant to Rule 10.2, supra.

On 25 January 1977, the State filed a motion in opposition to the change of judge and also a motion to consolidate the two causes, rape (CR–95164) and kidnapping (CR–96047). The motion to consolidate was granted 3 February 1977, and on 11 February 1977 the respondent judge denied the petitioner's motion for change of judge. From this denial, petition for special action was filed in this court and we accepted jurisdiction because there is no speedy, adequate remedy at law.

█ It is not disputed that the kidnapping and the rape arose out of the same transaction and the motion to consolidate appears to have been properly granted. The motion for change of judge in the new action, CR–96047, should also have been granted.

Rule 10.2 of the Rules of Criminal Procedure (1973), as amended, reads as follows:

"a. *Entitlement.* In any criminal case in Superior Court, any party shall be entitled to request a change of judge.

"b. *Procedure.* Within 10 days after a case is first assigned to a judge, or within 10 days after filing of the mandate from an Appellate Court with the clerk of the Superior Court, a party may exercise his right to a change of judge by filing a pleading entitled 'Notice of Change of Judge' signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge entering upon the record the date of the request and the name of the party requesting. Assignment to another judge shall be made in accordance with the provisions of this rule."

Rule 10.2 provides each party, in each criminal case, with one peremptory change of judge if timely made. *State v. Shields,* 26 Ariz.App. 121, 546 P.2d 846 (1976). See *State v. Smith,* 111 Ariz. 149, 526 P.2d 392 (1974) and *State v. Shahan,* 17 Ariz.App. 148, 495 P.2d 1355 (1972) both construing the predecessor rule.

The County Attorney contends, however, that since

"the alleged rape and kidnapping offenses are not two clearly separate and distinct criminal cases, but that because they arise out of the same facts and circumstances, and are alleged to have been a part of a common scheme or plan, they therefore should be considered as single criminal case * * *."

We do not agree.

The County Attorney had a chance to file the two offenses in one information but did not. The first information was filed 15 November 1976 and it was not until two months later that the second information charging a different crime, kidnapping and with a different case number, was filed. Rule 10.2 gives any party the right to file "in any criminal case" for change of judge. The two informations alleged two separate

criminal offenses with separate filing dates, separate case numbers, and separate arraignments in the Superior Court. Defendant had the right to move for change of judge by timely motion which he did.

The State makes a point of the fact that the motion for change of judge was not denied until after the motion to consolidate was granted. We do not believe this is material to the resolution of the matter. Had the motion for change of judge been made after the motion for consolidation had been granted, it might be held that the defendant had waived his right for a peremptory change of judge pursuant to Rule 10.4 of the Rules of Criminal Procedure (1973), 17 A.R.S. That is not the case herein. The right of a party to file and have granted a timely motion for change of judge cannot be abridged by a motion to consolidate with a case in which the right for peremptory change of judge has been exhausted.

The matter is remanded to the Presiding Judge of Maricopa County for assignment to a judge other than the respondent Superior Court Judge A. Melvin McDonald. The time from the date of the filing of this petition, 15 February 1977, to 21 March 1977, shall be excluded from the speedy trial computation of Rule 8 of the Arizona Rules of Criminal Procedure (1973), 17 A.R.S.

Relief granted.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.