666 P.2d 1072

**STATE of Arizona, Appellant,**

v.

**Paul Clyde LESLIE, Appellee.**

**No. 5806.**

Supreme Court of Arizona,
En Banc.

July 5, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellee.

HAYS, Justice.

This case is a direct appeal from an order of the Maricopa County Superior Court directing a new trial for the defendant-appellee. The judge who presided at Leslie's jury trial solicited contact with certain relatives of the victim after the jury returned its verdict of guilty of first-degree murder on September 1, 1981. The trial judge actually made telephone contact with two of the victim's relatives before he had conducted the presentence hearing required by A.R.S. § 13–703(B).[1] The state believed

---

1. A.R.S. § 13–703(B), as in effect at all material times, read as follows:

B. When a defendant is found guilty of or pleads guilty to first degree murder as defined in § 13–1105, the judge who presided

**464**

this conduct was error. The judge agreed based on *State v. Valencia,* 124 Ariz. 139, 602 P.2d 807 (1979). In *Valencia,* we held that the trial judge in a first degree murder case should have disqualified himself from presiding over a presentence hearing after having discussed the sentence with a relative of the victim. This rule is based on 17A A.R.S.Sup.Ct.Rules, Code of Judicial Conduct, Rule 45, Canon 3(A)(4), which prohibits a judge's consideration of *ex parte* communications concerning pending or impending proceedings.

The original trial judge asked defense counsel if he would waive his *Valencia* objection to the original judge continuing on the case. When the defense refused to do so, the trial judge ruled that he was disqualified from any further proceedings. His ruling to that effect is reflected in a minute entry order of October 19, 1981. At the beginning of the *in camera* hearing on October 19, Leslie's counsel advised the court and the prosecutor that his client's position was that if the trial judge were disqualified under *State v. Valencia, supra,* then a new trial would be mandated by this court's decision in *State v. McDaniel,* 127 Ariz. 13, 617 P.2d 1129 (1980), and the plain wording of A.R.S. § 13–703(B). That case holds that a new trial is required when a trial judge in a first degree murder case is disqualified before the sentencing proceedings are complete.

Because Judge Dann was disqualified, the case was assigned to a new division and a hearing was had on Leslie's motion for new trial. After Judge Dann disqualified himself, that motion and the state's response were supplemented to clearly present the *McDaniel* issue to the new judge. On November 19, 1981, the court, in a minute entry order, set a new trial date which was vacated when the state filed this appeal. The case was transferred to this court by

order of the chief justice on February 1, 1983. We have jurisdiction pursuant to 17A A.R.S.Sup.Ct.Rules, rule 47(e)(5). The sole issue we consider here is whether the trial court erred when it granted appellee's motion for a new trial. We affirm that ruling.

The determination of a motion for new trial lies within the sound discretion of the trial court, and we will not reverse its decision absent an affirmative showing of an abuse of that discretion. *State v. Salinas,* 129 Ariz. 364, 368, 631 P.2d 519, 523 (1981). In this case, circumstances placed the trial court in a situation where the law closely confined its discretion. In the first place, Judge Dann's contact with the victim's relatives mandated his disqualification from the case. *State v. Valencia, supra.* The judge realized this, spread the matter on the record and recused himself. Then the provisions of A.R.S. § 13–703(B), requiring that the trial judge conduct the sentencing proceedings, further confined the successor judge who ruled on the motion for new trial. *State v. McDaniel, supra.*

At the time the successor judge ruled, A.R.S. § 13–703(B) required the trial judge to conduct the presentence hearing, but he was without power to do so. In *McDaniel,* this court had ruled that the statute was unambiguous and required that the trial and sentencing proceedings be conducted by the same judge. Accordingly, we had remanded *McDaniel* for new trial.

The version of A.R.S. § 13–703(B) in effect at the time of Leslie's motion for a new trial was identical to the one construed in *McDaniel.* Accordingly, the successor judge followed the applicable law and granted a new trial.

Affirmed and remanded for new trial.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

at the trial or before whom the guilty plea was entered shall conduct a separate sentencing hearing to determine the existence or nonexistence of the circumstances set forth in subsections F and G of this section, for the purpose of determining the sentence to be imposed. The hearing shall be conducted before the court alone.

This court notes that the statute has been amended by Laws 1982, ch. 238, § 2, and now permits a successor judge to conduct sentencing proceedings in the event of the death, resignation, incapacity or disqualification of the trial judge.