NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

LINDA JEAN HARNISH CLARK, *Petitioner/Appellee*,

*v.*

EDWARD WAYNE CLARK, *Respondent/Appellant*.

No. 1 CA-CV 14-0293 FC
FILED 5-12-2015

Appeal from the Superior Court in Maricopa County
No. FC2011-090967
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Bishop Law Office, PC, Tempe
By William D. Bishop, Daniel P. Beeks
*Counsel for Petitioner/Appellee*

Edward Wayne Clark, Mesa
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

**¶1**         Edward Wayne Clark ("Husband") appeals from the superior court's order denying his motion for relief from judgment in his divorce case against Linda Jean Clark ("Wife").  Husband argues that the court should have reallocated marital assets based on Wife's alleged failure to comply with disclosure rules. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Husband and Wife married in August, 1993; they separated in January, 2010.  Over the course of the marriage, the parties purchased a marital residence and a condominium office.  After separating, the parties discussed by email the need to refinance the mortgage on the home, a process that included obtaining an appraisal.  After the appraisal was completed on October 7, 2010, Wife sent Husband a copy of the appraisal as an attachment to an email, which Husband subsequently acknowledged receiving.

**¶3**         In February 2011, Wife filed for divorce.  Following a dissolution trial in April 2012, the parties submitted proposed findings of facts and conclusions of law.  Wife's submittal valued the home at approximately $328,000, a figure she reached through her independent research and an estimate posted on "Zillow.com."  Husband did not dispute this value.

**¶4**         In an amended decree of dissolution, the superior court awarded the home to Wife conditioned on her refinancing it in her name. The court awarded Husband the office, likewise conditioned on refinancing.  Neither party took issue with the distribution of the home to Wife and the office to Husband or otherwise asserted that the distribution was inequitable.  Following various motions and proceedings in 2013, the superior court entered a final order and awarded Wife her attorney's fees.

**¶5**         In December 2013, Husband filed a motion for relief from judgment, asserting that he had become aware that the home had been

appraised at $410,000 during the 2010 refinancing process. Wife responded that Husband was aware of the bank's appraisal long before entry of the decree because of the parties' email correspondence regarding the refinancing, including the email from Wife to Husband attaching a copy of the appraisal. Although Husband acknowledged receiving the email, he claimed that he had not opened the attachment containing the appraisal.

**¶6** Following briefing and oral argument, the superior court denied the motion for relief from judgment. The court found that the appraisal was not obtained in the anticipation or course of litigation and in any event the appraisal "was physically in [both parties'] possessions."

**¶7** Husband timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2).[1]

## DICUSSION

### I. Rule 49 Disclosure Violation.

**¶8** Husband argues that Wife's failure to formally disclose the appraisal during litigation constituted a "reason justifying relief from the operation of the judgment." Ariz. R. Fam. Law P. ("ARFLP") 85(C)(1)(f). We review a denial of relief under Rule 85 for an abuse of discretion. *See Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8, 282 P.3d 428, 432 (App. 2012). We similarly review a superior court's decision regarding an alleged disclosure violation for an abuse of discretion. *Jimenez v. Wal-Mart Stores, Inc.*, 206 Ariz. 424, 426, ¶ 5, 79 P.3d 673, 675 (App. 2003).

**¶9** Husband asserts that Wife violated Rule 49 of the Rules of Family Law Procedure by not formally disclosing the appraisal as part of the divorce proceedings. Rule 49 is based on Rule 26.1 of the Arizona Rules of Civil Procedure, and we thus analyze the claim as we would a claim under Rule 26.1. *See* ARFLP 1 cmt. ("Wherever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules.").

**¶10** The disclosure rules are intended to avoid unfair surprise at trial. *See Carlton v. Ernhardt*, 138 Ariz. 353, 355, 674 P.2d 907, 909 (App. 1983) ("[T]rial by ambush is a tactic no longer countenanced in Arizona courts."). But the rules are not designed to give the parties a "weapon" to use at trial or on appeal. *See Zimmerman v. Shakman*, 204 Ariz. 231, 235, ¶ 13, 62 P.3d

---

[1] Absent material revisions after the relevant date, we cite the current version of a statute unless otherwise indicated.

976, 980 (App. 2003) (citation omitted); *see also Bryan v. Riddel*, 178 Ariz. 472, 476 n.5, 875 P.2d 131, 135 n.5 (1994) (noting that the purpose of the rules is to provide the parties "a reasonable opportunity to prepare for trial or settlement-nothing more, nothing less").

**¶11** As relevant here, Rule 49 provides the minimum disclosure requirements for family law cases, including disclosure of:

> copies of all documents and all electronically stored information that may assist in identifying or valuing any item of real or personal property in which any party has or had an interest for the period commencing six (6) months prior to the filing of the petition, including any documents that the party may rely upon in placing a value on any item of real or personal property.

ARFLP 49(E)(5).

**¶12** Here, the appraisal at issue was arguably relevant to assist in valuing the home and should have been disclosed under Rule 49. But Wife did not rely on the appraisal, and the lack of formal disclosure did not deny Husband a reasonable opportunity to prepare for trial because he was aware of (and had access to) the appraisal by virtue of his email correspondence with Wife in October 2010. Thus, the lack of formal disclosure did not result in a "trial by ambush," and the superior court acted well within its discretion by denying Husband's request for relief based on the alleged Rule 49 violation.

### A. Involvement of Wife's counsel.

**¶13** Husband argues that Wife's counsel may have been aware of the appraisal and if so, had an obligation to disclose it. But Husband did not present evidence to that effect, and the superior court appropriately reasoned that there is "no basis to suggest [Wife's attorney] knew anything about [the appraisal]." Moreover, even assuming Wife's attorney knew about the appraisal, Husband has not established that he was prejudiced by the attorney's alleged inaction because Husband was already aware of and had a copy of the appraisal prior to trial.

### B. Bias.

**¶14** Husband argues the trial judge's comments regarding his failure to open the email attachment containing the appraisal demonstrates that the court was biased against him during the hearing addressing the

motion for relief from judgment. However, Husband did not raise this issue in the superior court, so his claim is arguably waived. *See State v. Schackart*, 190 Ariz. 238, 256, 947 P.2d 315, 333 (1997) (bias claims based on "comments allegedly showing the [superior] court's irritation with defendant, should have been raised at that time and are therefore now waived").

**¶15** Moreover, Husband has not shown any bias on the part of the trial judge. Judicial bias or prejudice ordinarily must "arise from an extra-judicial source and not from what the judge has done in his participation in the case." *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29, 234 P.3d 623, 631 (App. 2010) (quoting *State v. Emanuel*, 159 Ariz. 464, 469, 768 P.2d 196, 201 (App. 1989)). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also State v. Ellison*, 213 Ariz. 116, 129, ¶ 40, 140 P.3d 899, 912 (2006). Here, Husband has not alleged bias arising from an extrajudicial source, and the judge's comments interpreting evidence presented at trial do not establish bias.

## II.    Attorney's Fees.

**¶16** Wife requests her attorney's fees and costs under A.R.S. § 25-324(A). In an exercise of our discretion, we award her reasonable attorney's fees and costs upon compliance with ARCAP 21.

## CONCLUSION

**¶17** We affirm the superior court's denial of Husband's motion for relief from judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama