NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

REBA LOU WOOD, *Petitioner*.

No. 1 CA-CR 17-0747 PRPC
FILED 8-7-2018

Petition for Review from the Superior Court in Apache County
No. S0100CR201500333
The Honorable C. Allan Perkins, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Apache County Attorney's Office, St. Johns
By Garrett Whiting
*Counsel for Respondent*

Attorneys for Freedom Law Firm, Chandler
By Marc J. Victor
*Counsel for Petitioner*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge James P. Beene joined.

**S W A N N**, Judge:

¶1   Reba Lou Wood petitions this court for review from the superior court's dismissal of her petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

¶2   Wood entered a plea agreement, in which she pleaded guilty to two counts of possession of dangerous drugs for sale and agreed to a stipulated sentence of five to nine years' imprisonment on Count 1, and to seven years' probation on Amended Count 1.[1] The plea agreement also identified that Amended Count 1 would be served consecutively to Count 1.

¶3   At the sentencing hearing, defense counsel argued that the offenses committed by Wood were victimless crimes and that she should not be sentenced to any more than the minimum under the plea agreement. While advocating for the minimum sentence, defense counsel asked anyone in the court who had been victimized or hurt by Wood to stand up. No one stood.

¶4   In response to defense counsel's argument, the court stated:

> I've been around methamphetamine users and other drug users and I consider it the largest lie in the world that these are victimless crimes. People are harmed and were harmed by your acts. These are not victimless.
>
> . . .
>
> I was tempted, when Mr. Victor made the statement he made, to stand up, because I'm a victim. Mr. Victor is a

---

[1]   Under the plea agreement and disposition report, Count 1 refers to the charge committed in CR201500333 on or about November 17, 2014, and Amended Count 1 refers to the charge committed in CR201500255 on or about September 15, 2015.

victim. Mr. Marcantel is a victim. Mr. Whiting is a victim. Everybody in this room is a victim, and that includes both of you. You are both victims, and you've contributed to your victimization.

The court sentenced Wood in accordance with the plea agreement to nine years' imprisonment on Count 1, followed by seven years' probation on Amended Count 1, to be served consecutively. Wood received 555 days' presentence incarceration credit.

**¶5** Wood filed a timely of-right petition for post-conviction relief, arguing that when the sentencing judge "announced he is a victim of Mrs. Wood's actions, he revealed his bias and abandoned his required position of neutrality. [His] bias in determining the sentence deprived Mrs. Wood of her due process rights." Wood sought resentencing by a different judge, but not to withdraw from the plea.

**¶6** Wood also filed a motion for change of judge based upon the same premise as the petition for post-conviction relief. The presiding judge denied the motion, finding no bias. After receiving a response from the state, but before Wood's filing of a reply, the court dismissed the petition for post-conviction relief, finding that Wood had not stated a colorable claim that would entitle her to relief. Wood timely filed a petition for review to this court.

**¶7** We will not disturb a ruling on a petition for post-conviction relief absent a clear abuse of discretion. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). An abuse of discretion occurs "if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶8** A fair trial includes the right to a judge "who is completely impartial and free of bias or prejudice." *State v. Neil*, 102 Ariz. 110, 112 (1967). A trial judge is presumed to be free of bias. *State v. Hurley*, 197 Ariz. 400, 404, ¶ 24 (App. 2000). This court has defined bias as "a hostile feeling or spirit of ill-will, or undue friendship or favoritism, towards one of the litigants." *In re Guardianship of Styer*, 24 Ariz. App. 148, 151 (1975). "The fact that a judge may have an opinion as to the merits of the cause or a strong feeling about the type of litigation involved, does not make the judge biased or prejudiced." *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 550–51 (1994) (judge may be "exceedingly ill disposed towards the defendant" upon hearing evidence against him, "[b]ut the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it

produced were properly and necessarily acquired in the course of the proceedings").

¶9 Typically, judicial bias must "arise from an extrajudicial source and not from what the judge has done in his participation in the case." *State v. Granados*, 235 Ariz. 321, 326, ¶ 14 (App. 2014), quoting *State v. Emanuel*, 159 Ariz. 464, 469 (App. 1989). Opinions formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *State v. Henry*, 189 Ariz. 542, 546 (1997), quoting *Liteky*, 510 U.S. at 555–56.

¶10 Wood argues that the judge's statement, "I am a victim," shows that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence was impaired. We disagree.

¶11 During sentencing, the judge responded to defense counsel's argument that Wood should receive a shorter sentence because her crime was victimless. The judge's statement and the aforementioned circumstances do not support a finding that the judge harbored hostile feelings, spirit of ill-will, or that fair judgment was impossible. The court sentenced Wood in accordance with the plea agreement and found that the mitigating circumstances slightly outweighed the aggravating factors. Wood's criminal history served as the articulable basis for the judge's decision to sentence Wood to the upper range of the sentence stipulated to in the plea agreement.[2]

¶12 Because the record does not reveal any indices of bias or impartiality, the superior court did not err by dismissing Wood's petition for post-conviction relief before receiving the reply brief.

---

[2] The judge sentenced Wood's husband and co-defendant to six years' imprisonment (under a virtually identical plea agreement) at the same time he sentenced Wood. Wood's husband's lack of criminal history was the determining factor cited by the judge in sentencing him to a lesser prison term.

¶13 Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA