635 P.2d 525

**Gweneth J. HEDLUND, a single woman, Plaintiff/Appellant,**

v.

**HOLMES TUTTLE BROADWAY FORD, INC., an Arizona Corporation, Defendant/Appellee.**

**No. 2 CA–CIV 3967.**

Court of Appeals of Arizona, Division 2.

Sept. 17, 1981.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Franzula M. Bacher, Phoenix, for plaintiff/appellant.

Robert Browder, Phoenix, for defendant/appellee.

OPINION

BIRDSALL, Judge.

Appellant/plaintiff commenced this products liability action in the trial court naming Holmes Tuttle Broadway Ford as one of several defendants. She alleged this defendant was the dealer who sold her the automobile which caused her injuries. The complaint was filed April 16, 1979, two years to the day after the injury. The defendant was not served with summons and complaint, or given any other notice of the commencement of the action until after the filing of an amended complaint which correctly stated defendant's name as Holmes Tuttle Broadway Ford, *Inc.* The amended complaint was filed March 18, 1980, and service was made on the defendant the next day.

Defendant/appellee filed a motion for summary judgment based on the applicable two-year statute of limitations, A.R.S. § 12–542, contending that the amendment did not relate back. It argued that this was a change of party failing to satisfy all the requirements of Rule 15(c), Rules of Civil Procedure, 16 A.R.S. Defendant further contended, in the alternative, that since the amended complaint was filed without leave of court it should be dismissed. The trial court granted the motion and dismissed the amended complaint. This appeal followed.

We must decide:

1) Under Rule 15(c) does an amended complaint adding "Inc." to the name of a corporation relate back to the filing of the original complaint?

2) Should an amended complaint be dismissed for failure to obtain leave of court for its filing, pursuant to Rule 21, Rules of Civil Procedure, 16 A.R.S.?

We answer these questions in favor of appellant and reverse.

This is the second time this case has been before us on appeal. In *Hedlund v. Ford Marketing Corporation and Ford Motor Company*, 129 Ariz. 176, 629 P.2d 1012 (App. 1981), we held that the amended complaint which corrected a mistake in a corporate defendant's state of incorporation was neither a change of party nor a correction of a misnomer and that the amendment did relate back.

Rule 15(c), adopted from the Federal Rules of Civil Procedure, originally provided only:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In 1966 the rule (both federal and Arizona) was amended by adding the following language:

"An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him . . . ."

In the previous *Hedlund* decision we recognized a disagreement in the federal courts whether the correction of a misnomer requires compliance with the amendment to the rule, but we found it unnecessary to decide that issue. The case now before us does involve a misnomer. The defendant's correct corporate name is Holmes Tuttle Broadway Ford, Inc. There is no Holmes Tuttle Broadway Ford. Should this correction of a misnomer be treated as an amendment changing a party?

We find no controlling decision in Arizona. *Hughes Air Corporation v. Maricopa County Superior Court*, 114 Ariz. 412, 561 P.2d 736 (1977) is not on point. In *Hughes* there were two different corporations and the plaintiff originally brought the action against the wrong one.

We recognize that the Advisory Committee's Note to the Federal Rule 15(c) supports appellee's position. It reads:

"Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall 'relate back' to the date of the original pleading." 39 F.R.D. 82 (1966)

We are not bound by this comment.

The federal courts which have held that a correction of a misnomer can relate back merely by satisfying the first requirement of the rule, i.e., that the amendment arises out of the same conduct, etc., reason that the purpose of the 1966 amendment was to make amendments easier. *See Wentz v. Alberto Culver Company*, 294 F.Supp. 1327, 1328–29 (D.Mont.1969); *Fricks v. Louisville & Nashville Railroad Co.*, 46 F.R.D. 31, 33 (N.D.Ga.1968). *See also* 6 Wright & Miller, *Federal Practice and Procedure*, § 1498 at 513–14; *Armijo v. Welmaker*, 58 F.R.D. 553 (D.Ariz.1973).

Other federal courts have held to the contrary. *See e.g., Ingram v. Kumar*, 585 F.2d 566 (2nd Cir. 1978), cert. den. 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Ratcliffe v. Insurance Company of North America*, 482 F.Supp. 759 (E.D.Pa.1980); *Holden v. R. J. Reynolds Industries*, 82 F.R.D. 157 (M.D.N.C.1979).

We are persuaded that the addition of "Inc." to the name of the corporate defendant should relate back since there has been no real change of the party against whom the claim is made. The plaintiff's original complaint alleged that the defendant was an Arizona corporation, engaged in the business of selling and servicing automobiles and trucks manufactured by defendant Ford Motor Company. And it further alleged that the defendant, Holmes Tuttle Broadway Ford, maintained offices for the conduct of its business in Pima County, State of Arizona, at 800 E. Broadway, Tucson, Arizona, 85719, which is appellee's correct address. It would be absurd to call this technical name correction—even though it corrects a misnomer—a change of party.

We turn to the appellee's alternative argument. Rule 21, R.C.P. 16 A.R.S. provides, in part:

"Misjoinder of parties is not ground for dismissal of an action. *Parties may be* dropped or *added by order of the court* on motion of any party or of its own initiative at any stage of the action and on such terms as are just." (Emphasis added)

Since appellant's amendment did not add appellee as a party, the rule is inapplicable.

The order dismissing the amended complaint is vacated and the case is remanded for further proceedings.

HATHAWAY, C. J., and HOWARD, J., concur.