234 P.3d 623

**John Steven SIMON, Plaintiff–Appellant,**

v.

**MARICOPA MEDICAL CENTER; City of Phoenix Police Department, a municipal corporation; Officer Borquez; Officer Moore; Officer Masad; Officer Coudret; Officer Edwards; Officer Kerely; Officer Ippel; Officer Smoger; and Officer Burke, Defendants–Appellees.**

**No. 1 CA–CV 09–0223.**

Court of Appeals of Arizona, Division 1, Department C.

July 1, 2010.

John Steven Simon, in propria persona, Phoenix, Plaintiff–Appellant.

Maricopa County Office of General Litigation Services by Sherle R. Flaggman, Phoenix, Attorneys for Defendant–Appellee Maricopa Medical Center.

Berke Law Firm, PLLC by Lori V. Berke, Jody C. Corbett, Phoenix, Attorneys for Defendants–Appellees Phoenix Police Department and Officers Borquez, Masad, Coudret, Edwards, Ippel, Smoger, and Burke.

## OPINION

KESSLER, Judge.

¶ 1 Plaintiff–Appellant John Steven Simon appeals the trial court's judgment dismissing his claims against Defendants–Appellees Maricopa Medical Center ("MMC"), the City of Phoenix Police Department (the "Police Department"), and Officers Borquez, Masad, Coudret, Edwards, Ippel, Smoger, and Burke (collectively, the "Officers"). We reverse the superior court's orders dismissing the Police Department and MMC. We hold that if a complaint includes a misnomer of a jural entity and service has been made on the associated jural entity, the appropriate remedy for the error is not dismissal of the complaint but leave to amend. We affirm the order dismissing the individual Officers because Simon failed to present any evidence creating a genuine issue of material fact on the issue of whether he served a notice of claim on them.

## FACTUAL AND PROCEDURAL BACKGROUND [1]

¶ 2 Simon filed a complaint against MMC, the Police Department, and the Officers alleging claims arising out of an altercation with the Officers on February 13, 2008.[2] Simon alleges that during the altercation officers pinned him to the ground, held him still, and struck him with a heavy rigid object. His amended complaint attached medical records, which he seems to incorporate by reference to plead that officers broke two of his ribs during the altercation. He also alleges that he was then hospitalized at MMC, but received inadequate treatment. Simon's complaint alleges common law tort claims, but not federal civil rights claims.[3]

---

1. Simon's statement of facts fails to cite the record as required by Arizona Rule of Civil Appellate Procedure 13(a)(4), and the Police Department and the Officers request that we therefore disregard the facts set forth in the opening brief. We rely on our review of the record for our recitation of the facts. *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n. 1, 963 P.2d 334, 336 n. 1 (App.1998).

2. Simon's complaint also alleged claims against Phoenix Police Officers Moore and Kerely, but Simon did not serve those defendants with the complaint.

3. After filing the notice of appeal and appellate docketing statement in this matter, Simon filed suit in the United States District Court for the District of Arizona, alleging that during this altercation the defendants named in this suit, and other related parties, violated 42 U.S.C. §§ 1981,

**58**

¶ 3 The Police Department moved to dismiss Simon's complaint on the basis that it is a non-jural entity that can neither sue nor be sued. Although vague, Simon's response requested the "opportunity to [a]mend [c]omplaint if such amendment cures it[']s defects." The court granted the Police Department's motion to dismiss. After the superior court granted the Police Department's motion to dismiss, Simon filed a motion to amend his complaint, although he failed to attach a copy of his proposed amended complaint as required by Rule 15(a)(2). While the court did not expressly rule on that motion, it denied or struck related motions seeking to amend the complaint to correct any technical defects and ultimately entered a signed order striking the amended complaint "and its progeny".[4]

¶ 4 The Officers moved to dismiss the complaint on the grounds that Simon had failed to comply with Arizona's notice of claim statute, Arizona Revised Statutes ("A.R.S.") section 12–821.01 (2003), because he did not serve a notice of claim on them within the statutory period. The Officers attached affidavits indicating that they had never received a notice of claim from Simon, had never authorized anyone else to accept service for them, and did not know about his claim until they received the complaint. Simon's response asserted that he complied with the notice of claim requirement by delivering a notice of claim to the person designated in an informational packet provided by the City of Phoenix and to the superior court. We assume this refers to a notice of claim form Simon submitted to the City of Phoenix and attached to the Officers' motion to dismiss. That packet provides for delivery to the clerk of the City of Phoenix.

¶ 5 MMC also moved to dismiss on the basis that (i) it is a non-jural entity that can neither sue nor be sued, (ii) Simon had failed to file a notice of claim with Maricopa County as required by A.R.S. § 12–821.01, and (iii) Simon did not certify whether expert testimony was necessary, in violation of A.R.S. § 12–2603(A) (Supp.2009). Simon's response stated that he knew nothing about the jural status of MMC and argued that he complied with the notice of claim statute by mailing a copy of his notice of claim to MMC.

¶ 6 The court determined Simon's action was barred by his failure to comply with A.R.S. § 12–821.01. It granted both the Officers' and MMC's motions in an unsigned minute entry dated February 9, 2009.

¶ 7 Simon appealed from the unsigned minute entry. Pursuant to this Court's May 8, 2009 order revesting jurisdiction in the superior court, the court issued a signed order corresponding to its February 9, 2009 minute entry on May 28, 2009. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).[5] *See Eaton Fruit Co. v. Cal. Spray–Chem. Corp.*, 102 Ariz. 129, 130, 426 P.2d 397, 398 (1967).

## ANALYSIS

¶ 8 On appeal, Simon argues that the superior court erred in determining that the Police Department and MMC were non-jural entities. Simon also argues that the superior court erroneously concluded that he failed to comply with A.R.S. § 12–821.01(A) because 1) all defendants actually received a notice of claim from him, 2) an unspecified person he sent the notice of claim to was an agent of the Officers, 3) he substantially complied

1983, & 1985. His claim was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Simon v. City of Phoenix*, No. CV–09–701–PHX–MHM, 2010 WL 749650 (D.Ariz. March 3, 2010). The parties failed to mention this in their briefs, in any of the many motions filed in this Court, or an amendment to the docketing statement. We decline to consider what preclusive effect, if any, this judgment has on Simon's ability to obtain relief on remand.

4. As such, the motion to amend was deemed denied. *Dowling v. Stapley*, 221 Ariz. 251, 264, ¶ 39, 211 P.3d 1235, 1248 (App.2009).

5. Because Simon never served Officers Moore and Kerely, the court's judgment in favor of MMC and Officers Borquez, Masad, Coudret, Edwards, Ippel, Smoger, and Burke resolved the final remaining claims in the action. *See McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 532, 652 P.2d 1377, 1379 (1982) (holding unserved defendants are not "parties," within the meaning of Rule 54(b)).

with the notice of claim statute, 4) his failure to comply with the statute resulted from excusable neglect, 5) the notice of claim statute violates Arizona's constitutional anti-abrogation clause, 6) the notice of claim statute violates due process because it is unduly vague, and 7) the superior court lacked jurisdiction to enter an order dismissing his case for noncompliance with the notice of claim statute. Finally, he argues that a consistent pattern of judicial rulings favoring his opponents demonstrates that the superior court was biased against him in violation of his right to due process.

¶ 9 In relation to each motion in the trial court, at least one of the parties attached documents outside the pleadings. The court's consideration of those documents converted the motion to one for summary judgment. Ariz. R. Civ. P. 12(b). We review a grant of summary judgment *de novo*. *Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6, 191 P.3d 1040, 1043 (App.2008). We construe all facts in favor of the nonmoving party and affirm only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## I. The Phoenix Police Department and the Maricopa Medical Center Should Not Have Been Dismissed as Non–Jural Entities

¶ 10 Arizona Rule of Civil Procedure ("Ariz. R. Civ. P.") 17(d) requires that certain government entities be sued in their own names, but does not specify the remedy when a plaintiff fails to comply. When a plaintiff improperly names a non-jural entity, but properly serves the associated jural entity, the remedy for the error is amendment pursuant to Rule 10(f) [6] and not dismissal. *Hedlund v. Holmes Tuttle Broadway Ford, Inc.*, 130 Ariz. 237, 239, 635 P.2d 525, 527 (App.1981); *Harmon v. Meyer*, 146 Or.App. 295, 933 P.2d 361, 364 (1997); *see also Johnson v. Manders*, 127 Or.App. 147, 872 P.2d 420, 421 (1994) (holding that complaint naming non-jural entity (decedent's estate) is val-

id against related jural entity (decedent's personal representative) when related jural entity received service); *Simpson v. Shaw*, 71 Ariz. 293, 296, 226 P.2d 557, 560 (1951) (permitting caption amendment to correct party's initial); 67A C.J.S. Parties § 227 (2009) ("Under the theory of 'misnomer,' when an intended defendant is sued under an incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.").

¶ 11 In *Hedlund*, the plaintiff filed a complaint naming "Holmes Tuttle Broadway Ford" as defendant on the day the statute of limitations expired. 130 Ariz. at 237, 635 P.2d at 525. Before serving the defendant, the plaintiff amended the complaint to reflect the defendant's proper name, "Holmes Tuttle Broadway Ford, Inc." *Id.* The defendant filed a motion for summary judgment arguing that the amendment substituted parties and did not relate back to the original complaint. *Id.* We held that correction of a misnomer was not a change in party and reversed the superior court's grant of judgment to the defendant. *Id.* at 239, 635 P.2d at 527; *accord Nat'l Refund & Utility Servs., Inc. v. Plummer Realty Corp.*, 22 A.D.3d 430, 803 N.Y.S.2d 63, 64 (2005) (permitting correction of Corp. to Inc.).

¶ 12 In *Johnson*, the plaintiff filed a complaint against the estate of a decedent who had injured her in an automobile collision. 872 P.2d at 420. She served the personal representative. *Id.* The trial court dismissed the complaint because the personal representative, rather than the estate, was the proper party. *Id.* at 421. The Court of Appeals reversed, holding that the complaint adequately identified the personal representative as the defendant notwithstanding the erroneous caption. *Id.* Reading the complaint as a whole, the Court of Appeals found that the factual allegations were adequate to alert the personal representative to the nature of the liability. *Id.* at 421–22. There-

---

6. Pursuant to Rule 10(f), when a plaintiff does not know the true identity of a defendant, he may sue that party "by any name." When the defendant's true name is discovered, "the pleading ... may be amended." Ariz. R. Civ. P. 10(f). Al-

though this rule is most often applied to permit suit against John Doe defendants, it also applies in cases of misnomer. *Porter v. Duke*, 34 Ariz. 217, 221–22, 270 P. 625, 626 (1928) (applying Rule 10(f)'s predecessor provision).

fore, the complaint named the personal representative, notwithstanding the defective caption, and no substitution of parties was necessary. *Id.; accord Taylor v. Hospice of Henderson County, Inc.,* 194 N.C.App. 179, 668 S.E.2d 923, 926 (2008); *Fink v. Regent Int'l Hotels Ltd.,* 234 A.D.2d 39, 650 N.Y.S.2d 216, 217–18 (1996) (amending caption by order of appellate court when plaintiff sued defendant by improper name which defendant placed on its letterhead, defendant knew of the action, and would not be prejudiced).

¶ 13 Assuming the Police Department is a non-jural entity, Simon's naming the Police Department rather than the City of Phoenix as a defendant in his complaint is a purely technical error that does not warrant dismissal. The City of Phoenix has elected to carry out certain of its statutory powers through an organized police department. *Compare* A.R.S. § 9–240(13), (17) (2008) (authorizing the City Council to suppress riots and prohibit prostitution, disorderly houses, and gambling) *with* Phoenix City Code § 2–119(a), (b) (mandating that Police Department suppress riots and vice). When the City of Phoenix carries out its statutory power to suppress crime, it holds out the name "Phoenix Police Department" to the public. The factual allegations in the complaint implicate action the City took through its police officers. Therefore, a suit naming the Phoenix Police Department adequately refers to the City of Phoenix.

¶ 14 Moreover, the City of Phoenix received service of the complaint. The affidavit of service for the City indicates that service of the summons naming the Police Department was served on a person authorized to accept service at 200 W. Washington St., Phoenix, Arizona on the fifteenth floor. We take judicial notice of the fact that the address of service was Phoenix City Hall and that the fifteenth floor is an office of the Clerk of the City of Phoenix.

¶ 15 The record does not indicate that the City of Phoenix suffered any prejudice by the misnomer. Service on the City Clerk's office provided timely notice of the suit and prevented the City of Phoenix from suffering prejudice. Additionally, the record indicates that Simon sent a notice of claim to the Clerk of the City of Phoenix, providing additional pretrial notice of the dispute. No other defendant has filed an answer yet and the time for discovery has not begun to run, so any possible confusion caused by the misnomer is nonprejudicial.

■ ¶ 16 The Police Department contends that *Flanders v. Maricopa County,* 203 Ariz. 368, 375, 54 P.3d 837, 844 (App.2002), mandates dismissal when a plaintiff erroneously names a non-jural entity in a caption. We disagree. The particular page the Police Department cites from that decision has no bearing on the treatment of non-jural entities. At the very end of the opinion, *Flanders* notes that an argument related to a party's alleged non-jural status was raised, but declines to decide it because issues already decided "render[ed] it unnecessary to reach any other issue ... including whether the court should have stricken [the Maricopa County Sheriff's Office's] share of fault ... on the ground that it was a 'non-jural entity'...." *Id.* at 379, ¶ 66, 54 P.3d at 848. In a footnote, *Flanders* urges litigants to "resolve questions of proper parties and 'jural' entities at the outset of a case rather than after the verdict." *Id.* at 379 n. 11, ¶ 66, 54 P.3d at 848 n. 11. No part of *Flanders* refers to any remedy being proper when a plaintiff erroneously names a non-jural entity but serves the associated jural entity. We decline to interpret the rules of civil procedure to create an additional trap for the unwary as a technical defense or require that mosquitoes be killed with cannons.[7]

■ ¶ 17 We reach a similar result for MMC. Assuming that MMC could demonstrate that it is a non-jural entity, the suit naming it is properly a suit against the Maricopa County Special Health Care District. *See* A.R.S. § 48–5502(C) (2004). MMC's answering brief admits that the District holds

---

7. The procedural record is, at best, chaotic, primarily due to Simon's convoluted and overlapping pleadings. While we empathize with the superior court's attempts to put some order into the case, the primary issue dealing with misnomer is a question of law which the court should have addressed and allowed an amendment to cure.

itself out to the public as MMC while carrying out its functions. The affidavit of service indicates that service on MMC took place at 2601 E. Roosevelt, Phoenix, Arizona. An exhibit to MMC's reply brief in the superior court indicates that the address for the District's clerk is 2601 E. Roosevelt, Phoenix, Arizona. The affidavit of service indicates that the person accepting it was an "assistant clerk of [the] board." Since the complaint identifies the defendant by its assumed name and was served upon the assistant clerk of its board, Simon's failure to identify the District by its statutory name in the complaint caused no prejudice. Therefore, Simon's misnomer does not justify dismissal of his claim.

¶ 18 In light of our holding that the alleged misnomers did not prevent Simon from initiating a valid suit against the true jural entities, we place little weight on the Police Department's assertion that a court has no jurisdiction over a party unless it "legally exists and is legally capable of being sued." *Yamamoto v. Santa Cruz County Bd. of Supervisors*, 124 Ariz. 538, 539, 606 P.2d 28, 29 (App.1979). The parties served legally exist and the misnomer does not prevent the superior court from acquiring jurisdiction. Additionally, in his response to the Police Department's motion to dismiss and in a separate motion, Simon requested leave to amend his complaint to correct technical errors.

¶ 19 Furthermore, the facts and holding in *Yamamoto* do not support dismissal in this case. The court in *Yamamoto* affirmed the dismissal of a suit against the superior court based on an alleged mishandling of bond money. 124 Ariz. at 539, 606 P.2d at 29. We affirmed dismissal of the superior court because it was non-jural and also affirmed dismissal of the clerk and several justices of the peace, the associated jural entities, because they were entitled to judicial immunity. *Id.* The court also found that dismissal was appropriate as to county supervisors because they were not served a notice of claim and the allegedly tortious conduct of court personnel was required by law. *Id.* at 540, 606 P.2d at 30. The plaintiff's inability to allege a valid claim against any of the jural entities rendered misnomer irrelevant. In this case,

the jural entities have not asserted a claim to immunity, so the misnomer doctrine is relevant and promotes resolution of the dispute on the merits.

## II. The Superior Court Properly Found that Simon Failed to Comply with Arizona's Notice of Claim Statute With Respect to the Officers

¶ 20 "Persons who have claims against a ... public employee shall file claims with the person or persons authorized to accept service for the ... public employee as set forth in the Arizona rules of civil procedure ...." A.R.S. § 12–821.01(A). Rule 4.1(d) governs service upon individuals. To perfect his claims against an individual officer, Simon had to deliver a notice of claim to the officer personally, an individual of suitable age and discretion residing with the officer, or the officer's appointed agent. A.R.S. § 12–821.01(A); Ariz. R. Civ. P. 4.1(d). All of the officers submitted affidavits stating that a notice of claim was not personally delivered to them, that they had never appointed an agent for service of process, and that they had no knowledge of Simon's claim until he sued them.

¶ 21 Without citation to any part of the record, Simon claims that he filed a notice of claim with each defendant. However, he explains that he sent his notices via certified mail and attached the receipts to his complaint. The receipts attached at the end of the complaint show that he filed his notice of claim with the clerk of the City of Phoenix and the Clerk of the Maricopa County Special Healthcare District, but not with any of the Officers. In his response to the Officers' motion, Simon did not proffer any evidence that he actually served a notice of claim on any of the officers. Because Simon failed to produce any admissible evidence that he served the notice on any of the Officers, the superior court correctly entered summary judgment against him. Ariz. R. Civ. P. 56(e).

*II.A Simon Proffered No Evidence That He Filed With An Authorized Agent of the Individual Officers*

¶ 22 Simon seems to argue that one of the persons he sent a notice of claim to was an

agent of the individual police officers. Each officer's affidavit stated that the individual officer had never appointed an agent for service of process. Simon never proffered any evidence to contradict that statement. Therefore, Simon failed to meet his burden of producing evidence to defeat summary judgment. Ariz. R. Civ. P. 56(e).

## II.B Substantial Compliance Does Not Satisfy the Notice of Claim Requirement

■ ¶ 23 Simon argues that his complaint should not have been dismissed because he substantially complied with A.R.S. § 12–821.01 and the parties had actual notice of his claim. This is a summary judgment and the Officers supported their motion with uncontroverted affidavits stating that they did not have actual notice of the claim. Further, strict compliance with A.R.S. § 12–821.01(A) is required and substantial compliance is insufficient. *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10, 144 P.3d 1254, 1256 (2006) (citing *Martineau v. Maricopa County*, 207 Ariz. 332, 335, ¶¶ 15, 17, 86 P.3d 912, 915 (App.2004)).

¶ 24 In his reply brief, Simon cites *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 793 P.2d 1129 (App.1990) for the proposition that substantial compliance satisfies A.R.S. § 12–821.01(A). *Deer Valley Unified School District v. Houser*, 214 Ariz. 293, 298–99, ¶¶ 19–21, 152 P.3d 490, 495–96 (2007) rejected the substantial compliance standard in *Hollingsworth. See also Falcon*, 213 Ariz. at 527, ¶ 10, 144 P.3d at 1256, (substantial compliance with the service requirement is insufficient).

## II.C Excusable Neglect Does Not Apply

¶ 25 Simon argues that his claim should not be dismissed for failure to comply with A.R.S. § 12–821.01(A) because his failure to do so resulted from excusable neglect. Although excusable neglect once relieved compliance with the notice of claim statute, the Legislature eliminated that exception when it amended the statute in 1994. *See Lee v. State*, 218 Ariz. 235, 245, ¶ 46, 182 P.3d 1169,

1179 (2008) (comparing A.R.S. § 12–821.01(A) (2003) with A.R.S. § 12–821.01(A) (1992)).

## II.D Simon Waived His Anti–Abrogation Argument

■ ¶ 26 Simon argues that A.R.S. § 12–821.01(A) violates the anti-abrogation provision in Article 18, Section 6 of the Arizona Constitution.[8] Simon waived this argument by failing to present it in the superior court. *See Maher v. Urman*, 211 Ariz. 543, 548, ¶ 13, 124 P.3d 770, 775 (App.2005).

## II.E The Notice of Claim Statute Is Not Unconstitutionally Vague

■ ¶ 27 In a related argument, Simon contends that A.R.S. § 12–821.01(A) is unconstitutionally vague because a person of ordinary intelligence would not know what is required by the statute. The statute is specific enough that Simon successfully complied with it with respect to the District and the City. He does not state the basis for his argument that the statute is ambiguous. Therefore we reject Simon's contention that the statute is unduly vague.

## II.F The Superior Court Has Jurisdiction To Determine Whether Simon Complied with A.R.S. § 12–821.01(A)

■ ¶ 28 Simon contends that the superior court lacked the jurisdiction to enter an order dismissing his claim. The superior court is a general jurisdiction court that has jurisdiction over all proceedings in which another court is not vested with exclusive jurisdiction. *Ariz. Corp. Comm'n v. Mountain States Tel. & Tel. Co.*, 71 Ariz. 404, 411, 228 P.2d 749, 753 (1951). Simon has proffered no authority giving another tribunal exclusive jurisdiction over his claim, and we have found none. Therefore, we hold that the superior court had jurisdiction to consider the claim he presented to it.

---

**8.** Simon cites *Backus v. State*, 220 Ariz. 141, 147 n. 7, ¶ 25, 204 P.3d 399, 405 n. 7 (App.2008), in support of his position. *Backus* was vacated by our Supreme Court in *Backus v. State*, 220 Ariz. 101, 107, ¶ 23, 203 P.3d 499, 505 (2009).

*II.G The Superior Court's Notice of Claim Ruling Against Simon Is Not Tainted by Bias*

■■■■ ¶ 29 Simon contends that the superior court's consistent pattern of adverse rulings demonstrates bias and justifies reversal. We disagree. Bias is "a hostile feeling or spirit of ill-will ... towards one of the litigants." *State v. Perkins,* 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984). A party challenging a trial judge's impartiality must overcome the presumption that trial judges are "free of bias and prejudice," *State v. Rossi,* 154 Ariz. 245, 247, 741 P.2d 1223, 1225 (1987), and must "set forth a specific basis for the claim of partiality and prove by a preponderance of the evidence that the judge is biased or prejudiced." *State v. Medina,* 193 Ariz. 504, 510, ¶ 11, 975 P.2d 94, 100 (1999). The bias and prejudice necessary for disqualification generally "must arise from an extra-judicial source and not from what the judge has done in his participation in the case." *State v. Emanuel,* 159 Ariz. 464, 469, 768 P.2d 196, 201 (App.1989) (quotation omitted).

¶ 30 Simon has alleged no facts supporting his claim the judge was biased except that the judge consistently ruled against him. Therefore, he has failed to demonstrate judicial bias. *See id.* Additionally, he waived the issue of bias by failing to make a timely motion in the trial court. *See* Ariz. R. Civ. P. 42(f)(2)(C).

**III. Notice of Claim With the District**

■■■ ¶ 31 MMC contends that the superior court correctly dismissed Simon's claim against it because he sent his notice of claim to MMC rather than the entire board of directors of the Maricopa County Special Healthcare District. Based on the record presented, we disagree. Assuming *arguendo* the validity of MMC's contention that the notice of claim should have been sent to the Clerk of the District or its entire board of directors, we cannot affirm dismissal because Simon sent his claim to the proper address for the Clerk of the District addressed to MMC, it was signed for, and neither party has presented evidence on the identity of the person who signed.[9]

¶ 32 Assuming *arguendo* that MMC is non-jural and this suit is truly against the District, then we would need to determine who must receive the notice on the District's behalf. A.R.S. § 12–821.01(A) requires filing with a person authorized to accept service for the entity under the Rules of Civil Procedure. Two rules are potentially relevant. Rule 4.1(i) governs service on counties, municipal corporations and "other governmental subdivision[s] of the state subject to suit." Rule 4.1(j) governs service on any governmental entity not listed in Rule 4.1(i). No party has briefed this Court or the superior court on whether the District is a political subdivision subject to Rule 4.1(i) or another government entity subject to Rule 4.1(j). We decline to decide this issue because we have not received briefing on it and because ambiguity regarding who actually received Simon's notice of claim requires that we remand regardless of which rule applies.

¶ 33 As the moving party, MMC has the burden of coming forward with admissible evidence showing that there is no genuine issue of material fact regarding Simon's compliance with the statute. MMC failed to submit any admissible evidence (e.g., an affidavit from its clerk or members of its board of directors) denying receipt of a notice of claim. The only relevant factual claim made in the initial motion was that Maricopa County had not received a notice of claim. MMC says nothing about whether it or the District received a notice of claim. Additionally, Simon attached certified mail receipts to his complaint showing that he sent a notice to Maricopa Medical Center at 2601 E. Roosevelt, Phoenix, Arizona. The attachment to MMC's reply brief in the superior court indicates that this is the correct address of the District's clerk.

¶ 34 Because Simon appears to have sent his notice of claim to the clerk's correct address, MMC's claim rests on the contention that writing "Maricopa Medical Center"

---

9. MMC's initial motion asserted that Maricopa County was the proper entity to receive the notice of claim. It argued for the first time in its reply brief in the superior court that the District is the entity with whom Simon should file its notice of claim.

on the top line of the address rather than something specifically designating the clerk is fatal to his compliance with A.R.S. § 12–821.01(A) as a matter of law. We disagree. Simon's complaint includes a signed receipt for delivery of his notice of claim at the clerk's address. Because MMC has failed to present any evidence on the signor's identity, we have no way of knowing whether this person is the clerk, an appropriate assistant authorized to receive filings of notices of claim, or someone else.

 ¶ 35 MMC also argues that Simon failed to comply with the notice of claim statute because his notice fails to provide a list of witnesses who saw the event, the facts supporting liability, and the facts supporting his sum certain. MMC failed to attach a copy of the notice of claim it received to its motion. Therefore it failed to establish what was included in the notice of claim and did not meet its burden of showing that there is no genuine issue of material fact regarding the adequacy of the claim's contents.

## IV. Simon's Non–Compliance with A.R.S. § 12–2603 Does Not Justify Dismissal

 ¶ 36 MMC argues that the superior court's dismissal of it was justified because Simon failed to certify whether expert opinion testimony is necessary to establish standard of care or liability as required by A.R.S. § 12–2603(A). We disagree. The statute prescribes no sanction for the failure to make an initial certification. The only subsection in which the sanction of dismissal is discussed is A.R.S. § 12–2603(F), which treats dismissal as a last resort against a recalcitrant party who defies a court's order to comply with A.R.S. § 12–2603.

¶ 37 Section "12–2603 erects an orderly procedure by which the respective parties can litigate what expert witness testimony will be necessary and what experts must therefore be disclosed . . . ." *Sanchez v. Old Pueblo Anesthesia, P.C.*, 218 Ariz. 317, 323, ¶ 20, 183 P.3d 1285, 1291 (App.2008). Dismissal without prejudice is appropriate if 1) the claimant certifies that no expert opinion

is necessary, 2) the defendant files a motion contending that expert opinion is necessary, 3) the superior court grants the motion and sets a date to provide a preliminary affidavit, and 4) the claimant fails to comply by that date. A.R.S. § 12–2603(D), (E), (F).[10] We do not think that the Legislature intended dismissal as a first resort for failure to comply with any other part of A.R.S. § 12–2603.

¶ 38 Additionally, A.R.S. § 12–2603 applies only to claims asserted against health care professionals. A.R.S. § 12–2603(H)(1)(b) defines such a claim and states that a lawsuit is not a claim unless it pertains to "breach of contract, negligence, misconduct, errors or omissions in rendering professional services." Simon's claim is based on the allegations that MMC security guards conspired with the Officers to assault him in MMC's parking lot and that MMC failed to provide adequate medical care after he was beaten. Because Simon's claim included allegations not related to MMC's "rendering professional services" total dismissal of MMC on that ground also was inappropriate.

## CONCLUSION

¶ 39 For the foregoing reasons, we affirm the superior court's entry of summary judgment in favor of the individual Officers. We reverse the summary judgment in favor of the Phoenix Police Department and Maricopa Medical Center. We remand to the trial court for further proceedings consistent with this opinion.

¶ 40 Simon requests an award of attorneys' fees on appeal. Because he failed to cite any authority supporting his claim for fees and he is appearing *pro se*, we deny it pursuant to ARCAP 21(c). However, as prevailing party, we will award Simon his taxable costs upon timely compliance with ARCAP 21.

CONCURRING: PATRICK IRVINE, Presiding Judge and MICHAEL J. BROWN, Judge.

---

10. Alternatively, the court may dismiss the complaint without prejudice if the plaintiff certifies an expert is necessary but fails to file the prelimi-

nary statement. A.R.S. § 12–2603(F). This did not happen here.