NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZACK CORYELLBATTLE,<br><br>                    Plaintiff-Appellant,<br><br> and<br><br>GAYLA CORYELLBATTLE,<br><br>                    Plaintiff,<br><br>  v.<br><br>CITY OF MARICOPA; et al.,<br><br>                    Defendants-Appellees. | No. 21-15362<br><br>D.C. No. 2:19-cv-01386-DLR-JZB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Zack Coryellbattle appeals pro se from the district court's judgment in his 42

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging federal and state law violations stemming from his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Coryellbattle's Fourth Amendment excessive force claim because Coryellbattle failed to raise a genuine dispute of material fact as to whether defendants used excessive force in arresting him. *See Graham v. Connor*, 490 U.S. 386, 397-98 (1989) (setting forth the objective reasonableness standard for excessive force determinations); *Mattos v. Agarano*, 661 F.3d 433, 443 (9th Cir. 2011) ("[E]stablishing a lack of probable cause to make an arrest does not establish an excessive force claim, and vice-versa." (internal quotation marks omitted)).

The district court properly granted summary judgment on Coryellbattle's state law claims for assault and battery and damage to reputation because Coryellbattle failed to comply with the requirements of Arizona Revised Statutes § 12-821.01(A) for service of a notice of claim. *See Simon v. Maricopa Medical Ctr.*, 234 P.3d 623 629 (Ariz. Ct. App. 2010) (requirements for service of the notice of claim); *Falcon ex rel. Sandovol v. Maricopa County*, 144 P.2d 1254, 1256 (Ariz. 2006) (strict compliance with notice of claim provisions is required).

The district court properly dismissed Coryellbattle's Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution because probable cause existed to arrest Coryellbattle under Arizona Revised Statutes § 13-2509. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (malicious prosecution claim requires lack of probable cause); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924 (9th Cir. 2001) (warrantless misdemeanor arrest "must be supported by probable cause to believe that the arrestee has committed a crime"). Likewise, the existence of probable cause defeats Coryellbattle's First Amendment claim. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1727-28 (2019) (probable cause is an absolute defense to a First Amendment retaliation claim).

The district court properly dismissed Coryellbattle's failure-to-train claim under *Monell v. Department of Social Services,* 436 U.S. 658 (1978), because Coryellbattle failed to allege facts sufficient to state a plausible claim. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (elements of a failure-to-train claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

21-15362

All pending motions and requests are denied.

**AFFIRMED.**