NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

T.L. HARVEY, *Plaintiff/Appellant,*

*v.*

SUSANA BORBON MONTIEL, et al., *Defendants/Appellees.*

No. 1 CA-CV 23-0361
FILED 04-23-2024

Appeal from the Superior Court in Maricopa County
No. CV2021-090440
The Honorable Patricia A. Trebesch, Commissioner, *Retired*

**AFFIRMED**

APPEARANCES

T.L. Harvey, Maricopa
*Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Sanford K. Gerber, Elizabeth B.N. Garcia
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

---

**W I L L I A M S**, Judge:

¶1　　　　T.L. Harvey appeals from the superior court's judgment, following a jury trial, designating the defendants in this tort action, Susana Borbon Montiel and Kelvin Eduardo Burrola Campana, as the prevailing parties, and for that reason, ordering Harvey to bear the financial responsibility for the jury fees and costs. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　While driving Montiel's car, Campana collided with Harvey's vehicle. Acting in propria persona, Harvey filed a complaint against Campana and Montiel (collectively, "the Defendants"), alleging negligence (against Campana), negligence per se (against Campana), and negligent entrustment (against Montiel). Harvey sought damages for injuries, allegedly caused or exacerbated by the collision, to his finger and thigh, as well as property damages and punitive damages.

¶3　　　　The case was subject to compulsory arbitration. Based on the parties' submitted materials and hearing testimony, the arbitrator found "Campana was entirely at fault for the accident." But the arbitrator also found Harvey had failed to present any evidence that Montiel knew Campana to be an unsafe driver or that she had entrusted her vehicle to him. Finding in his favor on the claims against Campana only, the arbitrator awarded Harvey property damages of $3,096.88, "represent[ing] the cost of parts" to repair his vehicle, and taxable costs of $1,113.00. The arbitrator denied Harvey's claims for (1) medical damages because he failed to "submit any medical bills" to substantiate his leg injury and the medical records he submitted to prove his finger injury suggested that his hand pain "may have been due to arthritis" that "pre-exist[ed] the accident"; and (2) punitive damages, characterizing the request as not "appropriate" because Campana "was merely negligent" and not "guided by an evil mind."

2

¶4        Dissatisfied with the arbitrator's decision, Harvey appealed to the superior court and requested a jury trial. After a two-day trial, a jury found in Harvey's favor and determined his "full damages to be $500.00."

¶5        Because the jury awarded Harvey less damages than both the arbitration award and the Defendants' pretrial offer of judgment ($20,000.00), the superior court designated the Defendants the prevailing parties and assessed Harvey jury fees and costs of $368.00. *See* Ariz. R. Civ. P. 68(g)(1) (providing for sanctions when a party "rejects an offer, but does not obtain a more favorable judgment"); Ariz. R. Civ. P. 77(h) ("If the judgment on [a] trial de novo is not at least 23 percent more favorable than the monetary relief or other type of relief granted by the arbitration award, the court must order that the deposit on appeal be used to pay [enumerated] costs and fees . . . If the deposit is insufficient to pay those costs and fees, the court must order that the appellant pay them, unless the court, on motion, finds that imposing costs and fees would create a substantial economic hardship that is not in the interests of justice"). After the court entered final judgment, Harvey moved for a new trial, and while that motion was pending, filed a notice of appeal. The superior court denied Harvey's motion for a new trial in a signed order, but Harvey did not file a supplemental notice of appeal.

## DISCUSSION

### I.        Appellate Jurisdiction

¶6        The Defendants argue that this court lacks jurisdiction over this appeal because Harvey filed the notice of appeal before the superior court ruled on his motion for a new trial.

¶7        We review *de novo* whether we have appellate jurisdiction, *Doe v. Roman Catholic Church of Diocese of Phoenix*, 254 Ariz. 522, 526, ¶ 7 (App. 2023), and "must dismiss those matters over which we lack jurisdiction." *Gish v. Greyson*, 253 Ariz. 437, 442, ¶ 19 (App. 2022). "Whether this court has appellate jurisdiction turns on compliance with (1) the applicable statute on which appellate jurisdiction is based and (2) any applicable procedural rules." *Id.* (quotation and citation omitted).

¶8        In general, we have jurisdiction over appeals from a final judgment of the superior court. A.R.S. § 12-2101(A)(1). To timely appeal such a judgment, "a party must file a notice of appeal . . . no later than 30 days after entry of the judgment." ARCAP 9(a). But if a party files certain time-extending motions, including, as relevant here, motions for new trial,

"the time to file a notice of appeal . . . begins to run from the entry . . . of a signed written order disposing of . . . such [] motion." ARCAP 9(e)(1).

¶9        Citing *Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011), the Defendants contend that this court lacks jurisdiction because Harvey filed his notice of appeal while his motion for a new trial was pending in the superior court and failed to file a supplemental notice of appeal after the court ruled on his motion. But ARCAP 9, as amended in 2014, provides that a notice of appeal filed prematurely during the pendency of a post-judgment time-extending motion takes effect "as of the entry of the order disposing of [that] motion." ARCAP 9(e)(2) ("If a party files a notice of appeal before the timely filing of one of the motions identified in Rule 9(e)(1) or if a notice of appeal is filed during the pendency of such a motion . . . the appeal will be suspended . . . [and] reinstated as of the entry of the order disposing of the last remaining motion."). Accordingly, although Harvey filed his notice of appeal challenging the judgment while his time-extending motion for a new trial was pending, under ARCAP 9(e)(2), the notice became effective when the superior court entered a signed order denying his motion. We therefore have jurisdiction over Harvey's appeal from the judgment.

## II.    Authority of the Commissioner

¶10        Harvey challenges the authority of Commissioner Patricia Trebesch to preside over his civil jury trial. We review *de novo* whether a judicial officer lacked authority to adjudicate a matter. *In re Estate of Escandon*, 215 Ariz. 247, 249, ¶ 7 (App. 2007) (citation omitted).

¶11        A commissioner's authority derives from the Arizona Constitution, State statutes, and rules promulgated by the Arizona Supreme Court. Ariz. Const. art. 6, § 24 ("Judges of the superior court may appoint court commissioners . . . who shall have such powers and perform such duties as may be provided by law or by rule of the supreme court."); A.R.S. § 12-213(A) ("In counties having three or more superior court judges, the presiding judge may appoint court commissioners . . . who shall have such powers and duties as shall be provided by statute or by rule of the supreme court[.]").

¶12        As Harvey correctly notes, the enumerated "powers and duties" of commissioners do not include the authority to preside over a civil tort trial. Ariz. R. Sup. Ct. 96(a). But a designated "senior commissioner" has the authority "to hear and determine any matter governed by the Rules of Civil Procedure or the Rules of Criminal Procedure." Ariz. R. Sup. Ct.

96(j). Taking judicial notice of Commissioner Trebesch's appointment as a "senior commissioner," we conclude that she had the authority to preside over this tort action and civil jury trial. *See* Maricopa County Superior Court Administrative Order No. 2023-039 (Mar. 17, 2023) (appointing Patricia Trebesch "as a Senior Commissioner" with "such powers and duties to hear and determine any matters governed by the Rules of Civil Procedure");[1] Ariz. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it[] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Payne v. Williams*, 47 Ariz. 396, 400 (1936) ("This court takes judicial notice of the names of the judges of the superior courts of this state, the counties in which they preside, and their term of office.").

### III.    Compliance with ARCAP 13

**¶13**        The Defendants argue that Harvey has waived any challenge to the proceedings in the superior court by failing to submit briefing in compliance with ARCAP 13. *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) ("An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority.") (internal quotation and citation omitted). Specifically, the Defendants point to ARCAP 13's requirement that parties' briefing include "appropriate references" to the record. *See* ARCAP 13(a)(7)(A) (stating an argument "must contain" each of the appellant's "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"). The Defendants contend that, rather than citing to the relevant portions of the record as required, Harvey presents merely his "beliefs" supported only by "self-serving narratives."

**¶14**        Harvey, for his part, asserts that the superior court failed to provide a complete record despite his repeated requests. The appellate record reflects that Harvey filed with the clerk of the superior court two motions requesting that "copies of the court's recording of the trial . . . be made available to [him]." Harvey first filed a motion "requesting" the "record and trial recording for the appeal," asking the court to "notify" him "at the above phone number" when "the above requested

---

[1]        Harvey "waived any defect in the appointment process" by not raising such an objection either in the superior court or on appeal. *In re Estate of de Escandon*, 215 Ariz. at 251, ¶ 12.

records/documents are available." He later filed what he called a "2nd Request" for "copies of the court's recording of the trial," asking for "notice by U.S. mail as to when the requested documents are available and ready to be pick-up [sic] by plaintiff or his representative."

¶15            "Courts hold unrepresented litigants in Arizona to the same standards as attorneys and do not afford them special leniency." *Ramos*, 252 Ariz. at 522, ¶ 8 (citation omitted). If an "appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion." ARCAP 11(c)(1)(B).

¶16            The governing procedural rules task appellants with "order[ing] transcripts of superior court proceedings not already in the official record . . . [as] necessary for proper consideration of the issues on appeal," and set forth the specific steps an appellant must take to secure a complete appellate record. ARCAP 11(c)(1)(A). Among other things, the appellant "must order a certified transcript of proceedings directly from" a certified reporter or authorized transcriber "within 10 days after filing the notice of appeal," ARCAP 11(b)(1), (b)(2), (c)(2), and must make "satisfactory [payment] arrangements" with the certified reporter or authorized transcriber. ARCAP 11(c)(5). The appellant must also file and serve on the opposing parties "[a] notice of transcript order" that, among other things, identifies whether the appellant has ordered transcripts for all, some, or none of the proceedings. ARCAP 11(c)(3). If the appellant seeks to rely on "a video or audio recording" of the proceedings "in lieu of a transcript," the appellant must file a timely motion with the appellate court seeking leave to do so. ARCAP 11(f).

¶17            Here, Harvey failed to comply with his obligations under ARCAP 11, including his obligation to order certified transcripts through an authorized transcriber—or, in the alternative, to seek approval from this court to use any audio recordings in lieu of certified transcripts. Instead, he simply filed motions asking the superior court to assemble the record for him.

¶18            Although Harvey arguably waived his appellate arguments by failing to provide record citations in support of his claims, in the exercise of our discretion, we consider the merits of his appeal. However, "[w]hen an appellant fails to include all transcripts or other documents, we assume the missing portions of the record support the [superior] court's findings and ruling[s]." *State ex rel. Brnovich v. Miller*, 245 Ariz. 323, 324, ¶ 5 n.1 (App.

2018) (addressing appellant's arguments despite failure to comply with ARCAP 13). Therefore, to the extent Harvey's objections to the trial proceedings implicate hearing or trial transcripts, we will presume that the record supports the superior court's rulings.

## IV.    Judicial Bias

**¶19**        Harvey contends that Commissioner Trebesch was biased against him. "Bias is a hostile feeling or spirit of ill-will . . . towards one of the litigants." *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29 (App. 2010) (internal quotation and citation omitted). We presume judges are free of bias. *Id.* To overcome this presumption, the challenging party must set forth specific facts that prove bias by a preponderance of the evidence. *Id.* A challenge to a judge's impartiality may not rest on "mere speculation, suspicion, apprehension, or imagination" but must be grounded in "concrete facts and specific allegations." *State v. Ellison*, 213 Ariz. 116, 128, ¶ 37 (2006) (quotation and citation omitted).

**¶20**        As evidence of bias, Harvey asserts that Commissioner Trebesch spoke to him in a "hostile" tone and "appeared to him as a tyrant." He also points to "so-called evidence requirements," which he contends Commissioner Trebesch "ma[d]e up," as well as several unfavorable rulings to support his contention that the commissioner aided the Defendants and colluded with defense counsel. But Harvey cites no evidence in the record to support his perceptions of bias, and our review of the record reveals none. Mere "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even . . . judges, sometimes display' do not establish bias or partiality." *In re Aubuchon*, 233 Ariz. 62, 66–67, ¶ 17 (2013) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)). Equally important, judicial rulings "almost never" demonstrate bias or partiality absent a showing of "either an extrajudicial source of bias" or "deep-seated favoritism." *Ellison*, 213 Ariz. at 129, ¶ 40 (internal quotation and citation omitted). Here, Harvey's allegations of impartiality all pertain to Commissioner Trebesch's participation in the case and are therefore not probative of judicial bias. Simply put, Harvey's unsubstantiated allegations of bias fail to overcome the presumption of judicial neutrality.

## V.    Lack of Counsel

**¶21**        Citing the Sixth and Fourteenth Amendments to the United States Constitution, Harvey argues the superior court deprived him of his

right to counsel by denying his request "to take leave" to retain counsel before proceeding with a jury trial.

¶22 No constitutional right to counsel exists in civil cases. *See Powell v. State*, 19 Ariz. App. 377, 378 (1973). We review a superior court's ruling on a motion to continue for a clear abuse of discretion. *Dykeman v. Ashton*, 8 Ariz. App. 327, 330 (1968). A court abuses its discretion when no evidence supports its conclusion or its ruling is "clearly untenable, legally incorrect, or amount[s] to a denial of justice." *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006) (internal quotation and citation omitted).

¶23 Contrary to Harvey's contentions, the record does not reflect that he sought leave to retain counsel. At the status conference held six days before trial, the superior court instructed the parties on the "trial protocol" and the "legal standards to which attorneys and self-represented parties are held." After that discussion, Harvey informed the court that he would contact an attorney before deciding whether to proceed with a jury or bench trial. He then "inquired" whether the court would "authorize" counsel to "step in." The court indicated that it would, so long as counsel was ready to proceed to trial as scheduled because the court was not inclined to continue the matter.

¶24 Although he subsequently moved to reschedule the trial so it could be heard "by [an] incoming new judge," the record does not reflect that Harvey did so for purposes of retaining counsel. Instead, citing the commissioner's decision to allow the Defendants to testify remotely at trial due to scheduling conflicts, Harvey requested a continuance to give the Defendants "time . . . to cure whatever issues they may presently have which prevents them from showing up at trial." Because Harvey did not request a continuance to allow him time to retain counsel, he has not preserved for appeal his claim that the commissioner's ruling denied him "time . . . to secure legal counsel." *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

¶25 Because Harvey merely inquired whether he would be permitted to proceed to trial represented by counsel *in the event* he elected to retain counsel, the superior court neither denied a request for counsel nor a request for a continuance for the purpose of retaining counsel. Therefore,

Harvey's contention that the superior court deprived him of counsel is unfounded.

## CONCLUSION

**¶26**      Finding no merit to Harvey's challenges, we affirm. Without citing any legal authority, Harvey asks this court to impose sanctions on defense counsel, alleging counsel presented fabricated narratives in the superior court and otherwise violated their ethical duties. The record does not support these contentions and we deny his request. The Defendants, in turn, request an award of their reasonable attorneys' fees on appeal under A.R.S. § 12-349(A) (mandating an award of attorney's fees if a party brings a claim "without substantial justification") and ARCAP 25 (authorizing a sanction of attorney's fees and costs for a frivolous appeal), arguing Harvey brought the appeal without substantial justification. Harvey failed to file a brief in compliance with ARCAP 13(a)(7) and none of his appellate claims are grounded in fact or law. Therefore, we award the Defendants their reasonable attorneys' fees and taxable costs incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA