NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOSEPH LUGO, *Petitioner/Appellant*,

*v.*

GRACE SHAFFER, *Intervenor/Appellee*.

No. 1 CA-CV 24-0016 FC
FILED 07-23-2024

Appeal from the Superior Court in Mohave County
No. S8015DO201900506
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Joseph Lugo, Bullhead City
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1         Joseph Lugo ("Father") appeals the superior court's ruling (1) granting his minor children's maternal aunt, Grace Shaffer ("Grace"), sole legal decision-making authority; (2) placing the child with her under A.R.S. § 25-409 (third party rights); and (3) imposing supervised parenting time for Father.  Because Father has not shown the court abused its discretion, we affirm.

## BACKGROUND

¶2         In 2017, Father and Victoria Shaffer ("Mother") were married and had a child later that year.  Mother petitioned for dissolution of the marriage in 2019.  After a bench trial in 2020, the superior court entered a dissolution decree, ordering joint legal decision-making authority and a relatively equal parenting time schedule.  In 2021, after their divorce, Mother and Father had a second child together.

¶3         In August 2022, Father filed an emergency petition for sole legal decision-making authority and parenting time, alleging Mother had been admitted to an inpatient mental health facility.  The same day, Grace petitioned for sole legal decision-making authority under § 25-409, alleging she stood *in loco parentis* to the children because she had been in the children's lives "from birth to now."  She further alleged that the children were being harmed and neglected by both parents, and that placement with either parent would be significantly detrimental to the children due to the unstable family environment.

¶4         Following an evidentiary hearing held several weeks later that Father did not attend, the court issued a temporary order, imposing a presumption of unfitness as to both parents "due to significant domestic violence and drug and alcohol abuse."  The court granted temporary sole legal decision-making authority to Grace and designated her as providing the "primary custodial residence" for the children, with each parent having

two hours of supervised parenting time per week.  The court then ordered that the children be immediately transferred to Grace's physical custody.

¶5        The court held a second evidentiary hearing in April 2023 to determine whether the temporary orders would be modified.  The court found that both parents had made "substantial progress in their recoveries from drug and alcohol abuse" but had yet to rebut the presumption of unfitness.   The court reaffirmed Grace's temporary sole legal decision-making authority and that, as a third party standing *in loco parentis*, she would continue to have primary responsibility for the children's care.   The court also granted both parents unsupervised parenting time with the potential to be increased or decreased depending on their compliance with specified conditions, including (1) following a healthcare provider's recommendations until successful discharge, (2) testing clean for drugs and alcohol at least five times per month for 24 weeks, and (3) participating in substance abuse support groups at least four hours per week for 24 weeks.

¶6        After a third evidentiary hearing in October 2023, which both parents attended, the superior court issued a final order.  The court found that Father had not rebutted the presumption of unfitness because he had "not provided six months of random drug and alcohol test[s]," and although he completed seven sessions of a treatment program, there was no record assessing "his level of need or definitively showing that he complied with all the treatment provider's recommendations."  The court concluded that, in the children's best interests, Father should not have legal decision-making authority, and his parenting time should be restricted.

¶7        As for Mother, the court found that she had rebutted the presumption of unfitness by complying with the terms of the second temporary order, but that the children's best interests favored Grace having custody and legal decision-making authority.  The court's order awarded Grace sole legal decision-making authority and reconfirmed her third party parenting rights.  The order increased Mother's unsupervised parenting time and restricted Father's parenting time to three hours per week under Mother's supervision.  Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶8        Father argues that he and Mother did "anything and everything to prove to the court [that they] are fit parents," and the court should have awarded him and Mother "joint custody."   We review a

3

superior court's orders regarding legal decision-making and parenting time for an abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶9** Grace did not file an answering brief. When debatable issues exist, we will generally consider an appellee's failure to file an answering brief a confession of reversible error. *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965). But when children's best interests are involved, we may decline to apply that principle if "doing so would have an adverse effect on the children." *See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) (citing *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966)). In any event, because Father has not raised any debatable issues, we decline to hold that Grace conceded reversible error.

**¶10** Father argues that Mother rebutted the presumption of unfitness and thus should have been granted joint custody. But she is not a party to this appeal. Because the court's orders regarding Mother's rights do not directly apply to Father, he does not have standing to raise this issue on appeal. *See In re Estate of Friedman*, 217 Ariz. 548, 552, ¶ 11 (App. 2008) ("When an alleged error applies to only one party who does not appeal, another party cannot make that argument on the non-appealing party's behalf."); ARCAP 1(d) ("Any party aggrieved by a judgment may appeal as provided under Arizona law and by these Rules."). Thus, we summarily reject those portions of Father's brief that attempt to raise issues affecting only Mother's interests.

**¶11** And though Father's opening brief does not comply with ARCAP 13(a)(7) because his arguments are not supported by citations to legal authorities or references to the record, in our discretion we consider the merits of Father's appeal to the extent we are able. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (noting that a failure to comply with ARCAP 13(a)(7) "can constitute abandonment and waiver of the party's claims").

**¶12** Father disputes the court's findings that he abused alcohol and that he failed to rebut the presumption of unfitness. However, he has not cited any relevant portion of the trial record or provided transcripts of any of the court's evidentiary hearings. S*ee* ARCAP 11(c), 13(a)(7)(A) (requiring appellants to provide the transcripts necessary for consideration of the issues on appeal and include appropriate references to the record to support each contention). When an appellant fails to provide this court with transcripts of the hearing he is challenging, we presume the superior court's findings and conclusions are supported by the record. *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003).

**¶13** Father makes several unsupported allegations about Grace and her family, arguing the children should "be with [their] biological parents." In ruling that it was in the children's best interests to grant Grace third party parenting rights, the court made the requisite statutory findings. *See* A.R.S. § 25-403. We presume these findings are supported by the record because Father failed to provide transcripts to this court, *see Burton*, 205 Ariz. at 30, ¶ 16, and we will not reweigh the superior court's balancing of the best interests' factors, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). On this limited record, Father has not shown that an abuse of discretion occurred.

**¶14** Finally, Father contends the superior court judge "knows [Grace's] family" and was thus biased against Father. Judges are presumed to be free of bias and prejudice. *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013). Father's claim of bias is based on vague assertions lacking any supporting evidence. Consequently, he has failed to overcome the judge's presumed impartiality. *See Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29 (App. 2010) (overcoming the presumption that trial judges are unbiased requires the party to "set forth a specific basis for the claim of partiality and prove by a preponderance of the evidence that the judge is biased or prejudiced") (citation omitted).

### CONCLUSION

**¶15** For these reasons, we affirm.

